**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4030

UNITED STATES OF AMERICA,
Appellant

v.

MARK HAYES

Appeal from the United States
District Court for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00165-001)
District Court Judge: Honorable John P. Fullam

Submitted Under Third Circuit L.A.R. 34.1(a)
May 27, 2010

Before: MCKEE, *Chief Judge*, RENDELL, and GARTH, *Circuit Judges*

(Opinion Filed: June 3, 2010)

**OPINION**

GARTH, *Circuit Judge*:

In this criminal case, the United States appeals the sentence imposed by the

District Court as substantively unreasonable. We will vacate and remand for

resentencing.

I.

In 2003, federal officials began an investigation into purveyors of online child pornography. In the course of the investigation, agents examined lists of paying subscribers to web sites offering access to child pornography. Mark Hayes was one of those subscribers.

Postal inspectors sent a letter to Hayes in 2006. The letter purported to be from a company offering child pornography. Hayes requested a catalog of available material, and ultimately ordered three videos. The videos were delivered, and shortly thereafter a search warrant was executed at Hayes' residence. The videos and Hayes' computer were recovered during the search. Hayes' computer contained 992 images and approximately ten videos of minors engaged in sexually explicit conduct. Most of the minors depicted were girls between the ages of eight and fifteen.

The government did not immediately charge Hayes, who voluntarily began treatment for his pedophilia and continued his employment as a zookeeper at the Philadelphia Zoo. In March 2009, nearly three years after the seizure of Hayes' computer, the government filed an information charging Hayes with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Hayes pled guilty on April 2, pursuant to a written plea agreement.

The presentence investigation report (PSR) calculated Hayes' Sentencing Guidelines imprisonment range as 51-63 months. Neither side objected to the calculation. At the sentencing hearing, Hayes called four witnesses: his treating psychologist, his

mother, and his longtime friend and her mother. Hayes also testified himself. Hayes'

counsel argued that Hayes had accepted responsibility for his actions and sought

treatment, and that the risk that Hayes would reoffend was low. She asked the District

Court to impose a sentence limited to home confinement and supervised release. The

government emphasized the great harm involved in the production of the material Hayes

was convicted of possessing, and argued that imprisonment was necessary both to reflect

the seriousness of the offense and to deter others from committing it. A. 52-60.

Before imposing sentence, the District Court discussed the factors it considered

relevant to the sentence. About child pornography, the court said that "the real criminals

are the people who create it and disseminate it." A. 60. The court acknowledged that the

demand of people like Hayes promoted the production of child pornography, but

criticized government enforcement efforts which, the court said, "cause defendants to

commit additional crimes that the Government can observe and arrest for." A. 61. The

court said: "I'm emphasizing – I'm impressed particularly by the fact that in this case

there's never been the slightest attempt to act, and as a result of exposure to this kind of

pornography, there is no danger whatsoever that this Defendant will actually

inappropriately treat children." A. 61-62. The court further noted recent public

discussion of the Sentencing Guidelines' treatment of child pornography offenses, and the

view of some judges that the treatment is too severe. A. 62.

Finally, the District Court imposed a sentence consisting of a $2,500 fine and six

months of home confinement, to be followed by seven years of supervised release.[1]  As

conditions of Hayes' release, the Court required that Hayes continue treatment and submit

to monitoring of his home computer.  A. 63-64.  The government objected to the sentence

as substantively unreasonable, and appealed.

## II.

The federal sentencing process consists of three steps.  First, the District Court

calculates the applicable advisory imprisonment range under the Sentencing Guidelines.

Next, the District Court rules on any motions for departure.  Finally, the District Court

exercises its discretion in imposing the final sentence by considering the relevant factors

specified in 18 U.S.C. § 3553(a), whether or not the final sentence falls within the

Guidelines range.  United States v. Lopez-Reyes, 589 F.3d 667, 670 (3d Cir. 2009).

Our jurisdiction over the Government's appeal is conferred by 18 U.S.C. §

3742(b).  We review the sentence for reasonableness, a concept encompassing both a

procedural and a substantive component.  United States v. Wise, 515 F.3d 207, 217-18

(3d Cir. 2008).  Here, the Government challenges only the substantive reasonableness of

the sentence.  In conducting this review, "we must give due deference to the district

court's determination that the § 3553(a) factors, on a whole, justify the sentence."  United

States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting Gall v. United

---

[1] The District Court later corrected the sentence in response to a motion filed by the Government, which pointed out that a term of supervised release may be imposed only if it follows a term of imprisonment.  See 18 U.S.C. § 3583(a).  The revised sentence consisted of five years of probation, six months of which were to be served in home confinement, as well as the $2,500 fine and a $100 special assessment.

States, 552 U.S. 38, 51 (2007)).[2]  Our review is "highly deferential,"  United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007); we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  Tomko, 562 F.3d at 568.  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Gall, 552 U.S. at 51.

### III.

The Government acknowledges the wide discretion afforded District Courts at sentencing, but argues that Hayes' sentence represents an abuse of that discretion.  In particular, the Government points to United States v. Goff, 501 F.3d 250 (3d Cir. 2007).  Goff was convicted of possessing hundreds of images of child pornography, and Goff's guidelines range was calculated as 37 to 46 months.  The District Court noted the statement of Goff's psychiatrist, which indicated that Goff had never sexually abused or assaulted children.  The court also observed that Goff had lived an "exemplary" life and maintained support from his friends, relatives and co-workers.  It finally imposed a sentence of four months' imprisonment.  Id. at 253.

We vacated the sentence as both procedurally flawed and excessively lenient.  We held that the District Court had failed to adequately address many of the § 3553(a)

---

[2] In Tomko, we found a 12-month variance from the Guidelines reasonable in a tax evasion case.  However, here we are bound by our more relevant precedents in United States v. Goff, 501 F.3d 250 (3d Cir. 2007), and United States v. Lychock,, 578 F.3d 214 (3d Cir. 2009), as we discuss infra.

factors, including the advisory imprisonment range produced by the Sentencing Guidelines, the nature and circumstances of the offense, and the need to deter both the defendant and others from committing similar crimes in the future. Id. at 257-58. We further held that the District Court had not sufficiently recognized the harm inflicted upon the children involved in the production of child pornography, and had placed undue emphasis on Goff's lack of criminal history, including the lack of any actual sexual contact with children. Id. at 258-61. Finally, we noted that many other defendants in similar cases had been sentenced to lengthy terms of imprisonment, and that Goff's relatively lenient sentence created a "potential disparity in sentence for those convicted of possession of child pornography . . . based on little, if anything, more than the luck of which judge is assigned to a particular case." Id. at 261.

In United States v. Lychock, 578 F.3d 214 (3d Cir. 2009), we again vacated a sentence for possession of child pornography as substantively unreasonable. Lychock pled guilty to possession of between 150 and 300 images, and his Sentencing Guidelines range was 30 to 37 months. The District Court's sentence consisted of five years of supervised release and a $10,000 fine. Relying heavily on Goff, we held that the sentence was unreasonable, concluding: "[B]y imposing a sentence so far below the range suggested by the Guidelines and stipulated to by the parties, the District Court did not adequately take account of the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, or the considered view of Congress as reflected in the Sentencing Guidelines." Id. at 220-21.

The District Court's sentence in this case cannot be squared with <u>Goff</u> and <u>Lychock</u>. Hayes was convicted of possessing more images (and videos) than the defendants in either <u>Goff</u> or <u>Lychock</u>, and his Sentencing Guidelines range was therefore higher. The District Court also did not find that Hayes had lived an otherwise "exemplary" life or had participated in charitable activities, as Goff had. Yet Hayes received a sentence more lenient than those we vacated in both <u>Goff</u> and <u>Lychock</u>.[3]

Moreover, the District Court's discussion of the § 3553(a) factors in this case was strikingly similar to the analyses we found inadequate in both <u>Goff</u> and <u>Lychock</u>. In all three cases, the defendant had no prior criminal history, and was determined by the District Court to present a low risk of re-offending. Both Goff and Lychock, like Hayes, sought psychological treatment after their arrest and demonstrated at sentencing that their families and loved ones continued to support them.

The District Courts in each case also appeared to be motivated by a similar understanding of the seriousness of the offense. For example, in <u>Goff</u>, the District Court had suggested at sentencing that possession of child pornography was "truly a psychological crime. It is not a taking crime . . . . Almost one might say a psychiatric crime." <u>Id.</u> at 258. Similarly in the instant case, the District Court described the offense as "almost a status crime rather than a, a crime committed by actions." A. 61. We

---

[3] Although Lychock, like Hayes, was not originally sentenced to a term of imprisonment, Lychock was ordered to pay a $10,000 fine, 578 F.3d at 216, while the District Court here fined Hayes only $2,500.

strongly criticized this characterization of the offense in <u>Goff</u>, and found it insufficient to justify a 33-month variance below the low end of Goff's guideline range. <u>See</u> <u>Goff</u>, 501 F.3d at 258-60. It must likewise be held insufficient to support the larger variance in this case.

<u>Goff</u> and <u>Lychock</u> simply cannot be convincingly distinguished. In light of our precedents that have vacated more severe sentences for defendants more deserving of leniency, we cannot affirm Hayes' sentence. Although the District Court retains broad discretion in the ultimate determination of the sentence, our prior holdings lead us to conclude that the sentence imposed in this case was substantively unreasonable. We will vacate and remand for resentencing.

IV.

For the foregoing reasons, we will vacate the District Court's judgment of September 14, 2009 and remand for resentencing.[4]

---

[4] Chief Judge McKee believes that the sentencing court adequately explained its reasons for imposing this sentence despite the applicable advisory guideline range, and would therefore affirm the sentence pursuant to our decision in <u>United States v. Tomko</u>, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).