

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# USA v. Castro

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Castro" (2008). *2008 Decisions.* Paper 1704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


06-2596


UNITED STATES OF AMERICA

v.

EDWARD CASTRO JR., a/k/a
EDDIE, a/k/a, BIG E
Edward Castro Jr.,
Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(03-cr-00173-2)
District Judge: Hon. R. Barclay Surrick


Submitted pursuant to Third Circuit LAR 34.1(a)
February 26, 2007


Before: MCKEE, ALDISERT, *Circuit Judges,*
RESTANI,[*] *Judge*


(Opinion Filed: January 28, 2008 )


OPINION


McKEE, *Circuit Judge.*

Edward Castro appeals the sentence that was imposed following his guilty plea to

three counts of a 23-count indictment that arose from his role in a cocaine distribution

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

ring. His brief summarizes four arguments on appeal. His primary argument is that the district court erred in imposing a sentence based on the 100:1 ratio of powder to crack cocaine. We held this appeal CAV pending the Supreme Court's decision in *Kimbrough v. United States,* 128 S. Ct. 558 (2007), because we anticipated that the Court would address that issue in *Kimbrough*. *Kimbrough* has now been decided. For the reasons that follow, we will remand for resentencing pursuant to the decision in *Kimbrough*. However, we reject Castro's argument that the court erred in determining his role in the conspiracy, as well as his claim that certain facts relevant only to sentencing had to be established by proof beyond a reasonable doubt.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background. Castro forcefully argues that the distinction between the sentencing guidelines' treatment of powder cocaine and crack cocaine is both unfair and unfounded, and that the district court should have considered that in imposing sentence.

During the sentencing, the district court explained its rejection of Castro's argument as follows:

> The sentencing Guidelines provide for sentence taking into consideration crack cocaine and regular cocaine. The bottom line of . . . is that I don't believe it's appropriate for this Court to make a decision that Congress and the Sentencing Commission were not doing their jobs properly in determining what is . . . appropriate under the law and under the Guidelines.

2

App. 249.  However, in *Kimbrough* the Supreme Court explained: "[g]iven all [that has occurred with the 100:1 ratio] it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve § 3553(a)'s purposes. . .". 128 S. Ct. at 575.

Moreover, the Sentencing Commission has now responded to the criticism of the distinction between powder and crack cocaine by reducing the 100:1 ratio.  We have no way of knowing if the district court would have imposed the same sentence had the guideline calculation not equated crack to powder cocaine at a ratio of 100:1, and had the court known that it had discretion to consider that disparity when deciding upon a sentence pursuant to 18 U.S.C. § 3553(a).  Accordingly, we will remand the case for resentencing to allow the district court to determine whether the sentence that was imposed factoring in a 100:1 powder to crack ration is still appropriate given each of the factors that must be considered under § 3553(a).

## II.

Castro also argues that the court erred in concluding that he distributed drugs near a school, carried a firearm during an offense, was an organizer/leader, and was on probation when he committed the crimes charged because those facts were neither proven beyond a reasonable doubt, nor stipulated to.  He claims that the higher standard of proof is required by *Aprendi* v. *New Jersey*, 530 U.S. 466 (2000), and *United States v. Jones*,

3

526 U.S. 227 (1998). However, we have already rejected that argument in *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*), and the record is more than adequate to establish those sentencing factors by a preponderance of the evidence.

## III.

Finally, Castro argues that the sentence imposed is "'greater than necessary'" and that a lesser sentence should have been imposed given his "tragic personal history." Appellant's Br., 44, and 46. We have no way of knowing what sentence the court would have imposed under § 3553(a) factors if the court had not felt compelled to factor in a guideline range that was based on the now discredited 100:1 ratio. Accordingly, on remand, the district court can now give Castro's personal history whatever consideration it deems appropriate under 18 U.S.C. § 3553(a).

## IV.

For the reasons set forth above, we will remand this case to the district court for resentencing pursuant to *Kimbrough v. United States*.