NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2401
_____

UNITED STATES OF AMERICA

v.

EDWARD CASTRO, JR.
a/k/a EDDIE, a/k/a BIG E

Edward Castro, Jr.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 2-03-cr-00173-002
(District Judge: Honorable R. Barclay Surrick)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2010

Before:  SCIRICA, STAPLETON and ROTH, Circuit Judges.

(Filed: November 12, 2010)

_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

On August, 10, 2004, Edward Castro, Jr. pleaded guilty to conspiracy to distribute

more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 846, possession

of crack with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and possession of crack with the intent to distribute within 1000 feet of a school in violation of 21 U.S.C. § 860(a). On April 28, 2006, the District Court sentenced Castro to 360 months' imprisonment, ten years of supervised release, and imposed a $300 special assessment. Castro appealed his sentence arguing that the District Court had erred in applying the 100:1 crack:powder ratio and had improperly applied guideline enhancements. We remanded for resentencing, *United States v. Castro,* 266 Fed. Appx. 92 (3d Cir. 2008), directing the District Court to consider the sentence in light of *Kimbrough v. United States,* 552 U.S. 85 (2007). But at the same time, we determined the District Court properly considered the sentencing factors in 18 U.S.C. § 3553(a). *Castro*, 266 Fed. Appx. at 94. At resentencing, the District Court adopted the same advisory guideline calculation, and sentenced Castro to 360 months' imprisonment, eight years supervised release, and a $200 special assessment. Castro appeals his sentence, contending it is unreasonable. We will affirm. [1]

## I.

Edward Castro, Jr., along with several others, was involved in a conspiracy to produce and distribute crack cocaine in Reading, Pennsylvania. In January of 2000, Castro began supplying large quantities of cocaine to Jose Serrano, a leader of the crack distribution enterprise. Castro also contributed financial resources to the criminal partnership, and later shared in the profits of the organization. At his sentencing hearing,

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Castro admitted that approximately 23 kilograms of crack cocaine were distributed over the course of the crack selling conspiracy. Co-conspirator Jose Serrano testified at the hearing that Castro maintained a leadership position in the criminal enterprise. Moreover, it was also determined that during the course of the conspiracy, Castro employed the use of firearms and bulletproof vests to protect the operation.

At the resentencing hearing, there was no objection to the sentencing guidelines offense level calculation and criminal history[2], which provided for a sentence of life imprisonment. But Castro contended the length of his vacated sentence compared with the length of other co-defendants' sentences was unreasonable. As noted, the District Court resentenced Castro to 360 months' imprisonment, 8 years supervised release, and a $200 special assessment.

## II.

We generally review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Lychock*, 578 F. 3d 214, 217 (3d Cir. 2009). Determining whether an abuse of discretion occurred requires a reasonableness analysis, which has both procedural and substantive elements. *Gall*, 552 U.S. at 51. We first determine if there was procedural error. *Id.*

---

[2] We ruled that the offense level calculation of 43, which included the various enhancements, was proper. Castro, 266 Fed. Appx. at 94. Castro's criminal history score was III. He does not challenge these calculations. The guideline recommended sentence is life imprisonment.

Procedural reasonableness "focuses on whether the District Court committed any error in calculating or explaining the sentence." *Lychock*, 578 F. 3d at 217. At the resentencing hearing, the District Court properly calculated the guidelines range, adequately explained the chosen sentence, and sufficiently considered the 18 U.S.C § 3553(a) factors. *See Gall*, 552 U.S. at 51. Castro contends the District Court abused its discretion by failing to consider the factor in Section 3553(a)(6), which aims to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We disagree.

"A defendant cannot rely upon Section 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Section 3553(a)(6) does not address disparities among co-defendants' sentences within a single case, but rather sentencing disparities among similarly situated defendants nationwide. *United States v. Seligsohn*, 981 F.2d 1418, 1428 (3d Cir. 1992) (citing *United States v. Restrepo,* 936 F. 2d 661, 670-71 (2d Cir. 1991); *United States v. Joyner*, 924 F. 2d 454, 460-61 (2d Cir. 1991)). Giving proper consideration to the factors of Section 3553(a) does not require the sentencing court to consider disparities that may or may not exist among the sentences of co-defendants. There is no procedural error.

Furthermore, Castro was not similarly situated to his co-defendants. Two co-defendants received shorter sentences than Castro because they cooperated with authorities, and another co-defendant received a shorter sentence because he played a less

4

significant role in the conspiracy. The contention that Castro was similarly situated to his co-defendants lacks factual merit.

The substantive reasonableness determination is based on the totality of the circumstances. *Gall*, 552 U.S., at 51. The substantive reasonableness of the sentence is reviewed under an abuse of discretion standard, and a below guideline sentence may be granted a presumption of reasonableness. *Id.* As Castro's sentence is below guideline range, and there is nothing in the record to indicate any abuse of discretion, the sentence imposed by the District Court is reasonable. The District Court properly considered all the relevant Section 3553(a) factors.

III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.