NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2045
_____

UNITED STATES OF AMERICA

v.

JIMMY THOMAS MATHIS, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-08-cr-00407-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010

Before: JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 16, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Jimmy Thomas Mathis, Jr. appeals the District Court's judgment of sentence

following his guilty plea.  His attorney has moved to withdraw under *Anders v.*

*California*, 386 U.S. 738 (1967).  For the reasons that follow, we will grant counsel's

motion to withdraw and affirm the District Court's judgment.

I

Because we write for the parties, we recite only the facts and procedural history necessary to our decision.

Pursuant to a written plea agreement, Mathis pleaded guilty to one count of distribution and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The Presentence Investigation Report (PSR) calculated Mathis's base offense level at 32, pursuant to § 2D1.1 of the United States Sentencing Guidelines (USSG), and added a two-level enhancement for his possession of a dangerous weapon. Finding that Mathis qualified as a career criminal under USSG § 4B1.1, the PSR applied a criminal history category of VI, yielding a Guidelines imprisonment range of 262–327 months. The District Court adopted the PSR's offense level calculation of 34, but provided a three-level downward adjustment for acceptance of responsibility, lowering Mathis's offense level to 31. Mathis then requested a downward departure, asserting that the career offender designation over-represented the seriousness of his criminal history. After giving "very, very serious thought to [Mathis's] criminal history," the District Court denied his request, noting that Mathis's prior convictions had "apparently not deterred him at all from escalating his drug activities." App. 59. However, the District Court agreed to vary downward one level to account for the

crack/powder disparity in sentencing. Although Mathis asked the District Court to vary downward two levels in order to apply a one-to-one ratio between crack and powder cocaine, the Court stated "it has been my standard practice to reduce one level from whatever the offense level was." App. 58.

With an adjusted offense level of 30 and a criminal history category of VI, Mathis's final Guidelines imprisonment range was 168–210 months. The District Court then varied downward and imposed a sentence of 151 months imprisonment, finding "that a greater level would be more than necessary to comport with the purposes of sentencing." App. 68.

Mathis filed a timely notice of appeal of the District Court's judgment. Counsel now seeks to withdraw pursuant to *Anders*, asserting that there are no nonfrivolous issues for appeal. Mathis has filed a *pro se* brief in opposition to counsel's brief. The government has filed a brief supporting counsel's *Anders* motion.

## II

We exercise plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 82-83 & n.6 (1988). Under *Anders*, our inquiry is two-fold: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009).

The first prong requires counsel "to satisfy the court that [he] has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel need not raise and reject every possible claim; rather, he must "provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* (quoting *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000)). "Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself," as well as issues raised in a defendant's *pro se* brief. *Id.* at 301.

In his *Anders* brief, Mathis's counsel identifies five potential issues for appeal, and explains why each is frivolous. Counsel explains that: (1) the District Court had jurisdiction to sentence Mathis under 18 U.S.C. § 3231; (2) Mathis's guilty plea was knowing and voluntary; (3) the Court accurately calculated Mathis's Guidelines imprisonment range; (4) we lack jurisdiction to review the Court's discretionary decision not to depart downward; and (5) the Court's imposition of a one-level downward variance to account for the crack-powder disparity was reasonable.

Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal. Mathis does not contest the District Court's jurisdiction

over his offense, nor does he challenge the sufficiency of the Court's colloquy. Indeed, the record shows the District Court addressed Mathis in open court to confirm that he understood the rights he was forfeiting and the terms of his plea agreement. *See* FED. R. CRIM. P. 11(b). Rather, in his *pro se* brief, Mathis claims the District Court abused its discretion by failing to properly calculate his total offense level and by failing to recognize its authority to grant a downward departure and a larger downward variance.

We review the District Court's sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). A district court commits procedural error—and thereby abuses its discretion—when it selects a sentence based on clearly erroneous facts. *Id*. at 217.

Mathis "calls into question" the District Court's findings of fact regarding the quantity of drugs he sold and his possession of a weapon. However, Mathis admitted at his plea hearing that he sold a total of two ounces of cocaine base to various confidential informants, amounting to more than the 50 grams necessary to trigger a base offense level of 32. Moreover, the PSR notes that when Mathis was arrested, officers searched his girlfriend's apartment and recovered a stolen .45 caliber Glock pistol. Mathis told the officers that he had purchased the gun from two men who approached him on the street one month prior to his arrest. Mathis also admitted at his plea hearing that he possessed a

dangerous weapon in connection with his drug trafficking activities. Thus, ample evidence supported the District Court's calculation of Mathis's base offense level and its addition of a two-level enhancement for gun possession.

Mathis also claims the District Court's refusal to depart from the Guidelines pursuant to USSG § 4A1.4(b) was an abuse of discretion. As Mathis's counsel explains, we lack jurisdiction to review a district court's discretionary decision not to depart downward. *United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006). Jurisdiction only arises if a district court's refusal to depart downward is based on its mistaken belief that it lacks the discretion to depart. *United States v. Dominguez*, 296 F.3d 192, 194-95 (3d Cir. 2002). Here, the Court recognized that while it had the authority to depart downward, Mathis's "escalating" criminal conduct warranted a more severe sanction. Because the District Court's decision was discretionary, we have no jurisdiction to review it.[1]

Mathis next argues that the District Court erroneously believed that its power to

---

[1] Mathis also argues that his counsel erred in suggesting that "[a]t most the District Court had authority—if persuaded that the criminal history category substantially over-represented the seriousness of Appellant's criminal history—to depart downward just one criminal history category, and not any offense levels." *Anders* Br. 16. However, USSG §4A1.3(b)(3)(A) states that a sentencing court may not depart more than one criminal history category if a defendant is "a career offender within the meaning of §4B1.1." Here, the District Court refused to depart downward under §4A1.3(b) even one criminal history category. Thus, counsel's characterization of the one-level limitation on downward departures for career criminals had no effect on the District Court's sentence.

6

vary downward based on policy disagreements with the Guidelines was limited. He cites *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), for the proposition that while "[n]o judge is *required* to sentence at variance with a Guideline, . . . every judge is at liberty to do so." *Id.* at 416. But nothing in the record suggests that the District Court believed it could not vary from the Guidelines. On the contrary, the District Court varied downward one level based on its policy disagreement with the crack/powder disparity.

Mathis insists, however, that the District Court should have varied downward not one, but two levels, to eliminate any disparity between his sentence and the sentence which would have been imposed had he been convicted of distributing powder cocaine. He notes that in *United States v. Russell*, 2009 U.S. Dist. LEXIS 70714 (W.D. Pa. 2009), the district court "concluded that there are sound policy reasons for adopting a 1-to-1 crack to powder ratio for all crack cocaine sentencings." *Id.* at *4.

However, *Kimbrough v. United States*, 552 U.S. 85 (2007), and its progeny require no more from a sentencing court than a recognition of its discretion to vary downward and a "sufficiently compelling" explanation to support any variance it applies. *United States v. Lychock*, 578 F.3d 214, 219 (3d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Here, the District Court recognized—and exercised—its discretion to vary downward, and it provided reasoned support for varying only one level, *i.e.*, that it did not have "enough empirical data" to fashion its own ratio, but recognized

7

the need to reduce unwarranted disparities in sentencing. App. 59-60. Thus, this basis for appeal is frivolous.

Finally, Mathis's sentence "reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). The Court considered Mathis's "escalating" criminal history, ongoing drug use, employment history, relationship with his family, and cooperation with authorities. In the end, the Court imposed a sentence seventeen months below the low end of the Guidelines range. Because the sentence imposed "falls within the broad range for possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218.

III

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for appeal, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.