NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2896
_____

UNITED STATES OF AMERICA

v.

LEON HENRY, JR.,
                              Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2:00-cr-00667-PBT-4)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2011
_____

Before:  SLOVITER, GREENAWAY, JR., and ROTH, Circuit Judges

(Opinion Filed:  June 9, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

        Appellant Leon Henry, Jr. ("Henry") appeals the District Court's January 8, 2009

Order revoking his probation and sentencing him to twenty-four months in prison, running

consecutive to an existing ninety-six month federal prison sentence.   Henry now files this

timely appeal.  Henry argues that the sentence must be vacated because it is both procedurally and substantively unreasonable.  He also argues that the District Court improperly failed to issue a written statement of reasons for the above Guidelines sentence imposed.  Neither of these arguments is persuasive.

For the following reasons, we will affirm the District Court's Order.

## I.  BACKGROUND

We write primarily for the benefit of the parties and shall recount only the essential facts.  Leon Henry, Jr. was employed by the Philadelphia Medical Examiner's Office in Pennsylvania.  On December 19, 2000, a grand jury returned a superseding indictment charging Henry with offenses related to items stolen from deceased persons, including credit cards, checks, and credit information.[1]  Henry and other former employees were also charged with the use, and attempted use, of decedents' information and checks to obtain money and merchandise.  Henry was specifically charged with one count of conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 1029(b)(2), and one count of possession of stolen firearms, in violation of 18 U.S.C. § 922(j).

Henry pled guilty to both charges, pursuant to a cooperation plea agreement with the government.  Before sentencing, the government filed a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1.  On April 1, 2002, the sentencing court granted the motion and sentenced Henry to four years of probation.

---

[1] Fourteen other employees of the Philadelphia Medical Examiner's Office were also indicted.

On February 1, 2006, two months before Henry's probation term was scheduled to end, the Probation Office filed a violation petition against Henry alleging that, while on probation, he was charged with committing new crimes (that case is Cr. No. 06-33).[2] A hearing on the violation petition was held January 8, 2009. The government asked the District Court to impose a sentence above the advisory Guidelines range and to order that sentence to run consecutive to the sentence imposed under Cr. No. 06-33. The District Court found that Henry had violated the terms of his probation and granted the government's requests for the above guidelines range sentence. The District Court imposed a sentence of 24 months of imprisonment, to run consecutive to the 96-month sentence imposed in Cr. No. 06-33. Henry filed a timely appeal.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction, pursuant to 18 U.S.C. §§ 3231 and 3565. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[2] On January 23, 2006, Henry was charged in a federal indictment with conspiracy to make false statements to a federal firearms dealer, in violation of 18 U.S.C. § 371, and two counts of making false statements to a firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A). The grand jury later returned a second superseding indictment charging Henry with the same conspiracy offense, along with one count of making a false statement to a firearms dealer, one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371. On June 1, 2007, Henry was convicted of conspiracy to make false statements and making false statements to a firearms dealer, and possession of a firearm. He was acquitted of the bank robbery conspiracy charge. As a result, Henry was sentenced to 96 months of imprisonment by the District Court on November 25, 2008 and was also ordered to pay restitution in the amount of $28,665.54 and a special assessment of $200.

A district court's sentencing procedure is reviewed for abuse of discretion. <u>Gall v. United States</u>, 552 U.S. 38, 51-52 (2007). On abuse of discretion review, the Court of Appeals gives due deference to a district court's sentencing decision. <u>Id.</u> at 52. District courts have discretion when sentencing and appellate review is limited to determining whether the sentence imposed is reasonable.

### III. LEGAL STANDARD

After the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), Sentencing Guidelines were no longer deemed mandatory, instead they were deemed advisory. Since <u>Booker</u>, district courts are required to follow a three-step process in determining the appropriate sentence in this advisory scheme: (1) courts must calculate a defendant's Guidelines sentence precisely as they would have before <u>Booker</u>; (2) they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account the court's pre-<u>Booker</u> case law, which continues to have advisory force; and (3) courts are required to exercise their discretion by considering the relevant 18 U.S.C. § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines. <u>United States v. Gunter</u>, 462 F.3d 237, 247 (3d Cir. 2006). The sentencing courts are statutorily required to state their reasons for imposing a sentence, although a comprehensive, detailed opinion is not required. <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). The sentencing court must provide an explanation that is sufficient to satisfy the appellate court that the district court considered

4

the parties' arguments and had a reasoned basis for exercising its own decision-making authority.  Id.

The Third Circuit's responsibility on appellate review of a criminal sentence "is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way."  United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).  However, "[i]t is not the role of the appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," except to the extent specifically directed by statute.  Williams v. United States, 503 U.S. 193, 205 (1992) (quoting Solem v. Helm, 463 U.S. 277, 290 (1983)).

An appellate court's reasonableness review of a sentence has both procedural and substantive components.  United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009).  The procedural component requires the appellate court to ensure that the district court committed no significant procedural error, including: (1)  failing to calculate (or improperly calculating) the U.S. Sentencing Guidelines range; (2) treating the Guidelines as mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) factors; and (4) selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence and to include an explanation for any deviation from the guidelines range.  Id.  If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.  Id. at 568.

The substantive component requires the appellate court to take into account the totality of the circumstances. United States v. Lychock, 578 F.3d 214, 218 (3d Cir. 2009). Although the appellate court considers the extent of any variance from the advisory Guidelines range, it must also give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. Id. The substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided, in light of the particular facts and circumstances of that case. Tomko, 562 F.3d at 573. In examining the totality of the circumstances, we determine whether a reasonable court would have applied the same sentence as the District Court.

The reasonableness standard has been elucidated in both Booker, 543 U.S. at 261 and United States v. Cooper, 437 F.3d 324, 329-32 (3d Cir. 2006).

## IV.    ANALYSIS

Henry argues that his sentence was procedurally and substantively infirm because the District Court failed to consider all of the 18 U.S.C. § 3553(a) factors and inadequately evaluated the one factor that it did consider. Henry also argues that the District Court improperly failed to issue a written statement of reasons for the above-Guidelines sentence imposed.

*Procedural Error*

We are guided by the requirement that sentencing courts must give meaningful consideration to all of the factors in 18 U.S.C. § 3553(a).[3] See United States v. Olhovsky, 562 F.3d 530, 546 (3d Cir. 2009) (citing Cooper, 437 F.3d at 329. A district court's "failure to consider the § 3553(a) factors" can create a procedurally unreasonable sentence. United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

Henry does not claim that his Sentencing Guidelines determination was the result of a miscalculation or that it was based on clearly erroneous facts. He does argue, however, that the District Court did not consider all of the §3553(a) factors and did not adequately evaluate the one factor it considered. We disagree. It is clear from the record that the District Court considered the 3553(a) factors. In the transcript from the violation hearing, the District Court stated:

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant: and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for - - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [that] is in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

> Now the Court understands and appreciates the guidelines range is 12 – 18 months and I understand and appreciate that the Guidelines range is discretionary and not mandatory. . .
>
> [T]he Court will impose a sentence which I think takes into consideration the seriousness of the events and it takes into consideration the importance of punishment for separate offenses and that would be the violation of my probation. It takes into consideration the need to punish. It takes into consideration the need to impress upon Mr. Henry the importance of respect for the law.

(Supp. App. 39).

These statements clearly indicate that the District Court not only took the §3553(a) factors into consideration at sentencing, but also recognized the advisory nature of those factors. Although the District Court did not separately list each of the §3553(a) factors, we find that the record reflects consideration of them. We have held that sentencing courts need not discuss each of the § 3553(a) factors "if the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329. Further, the District Court held a detailed hearing and provided Henry an opportunity to be heard by the Court.

Henry next contends that the District Court failed to state a reason for the sentence imposed. The District Court did not issue a separate opinion. Nor did it provide information on the reason for its variance in its judgment. However, the District Court does provide, in the record, its reasons for imposing the 24-month sentence, stating that Henry had been placed on probation four years ago, but committed various offenses during his probation. We have held that the district court is only required to state on the

8

record its general reasons under §3553(a) for imposing a more stringent sentence. See United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991). The District Court pointed out that the crimes for which Henry was convicted were "extremely serious actions . . ." (Supp. App. 38), and that it would impose a sentence it thought would, *inter alia*, take the seriousness of Henry's crimes into consideration. The District Court also stated that it would not impose a concurrent sentence instead of a consecutive sentence because such a sentence would not take into consideration or recognize that Henry's actions were in violation of the Court's probation.

We find that the District Court did not commit procedural error. The §3553(a) factors were considered in sentencing and provided an explanation for the sentence the Court imposed upon Henry. As such, the sentence was procedurally reasonable.

*Substantive Reasonableness*

We have held that courts must state adequate reasons for a sentence on the record, so that we can engage in meaningful appellate review. United States v. Goff, 501 F.3d 250, 256 (3d Cir. 2007). In Tomko, we stated that "the substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided, in light of the particular facts and circumstances of that case." 562 F.3d at 573.

The substantive component requires the appellate court to take into account the totality of the circumstances. Id. In looking at the totality of the circumstances, we determine whether a reasonable court would have applied the same sentence as the district court in this case. We have determined from the District Court's statements in Henry's

9

violation hearing that it took all of the facts of Henry's case into consideration, including the fact that Henry committed serious crimes while on probation. The District Court stated that Henry's crimes were committed "clearly in the beginning of [his] probationary period and clearly during the period of the probation." (Supp. App. 30.) It is apparent from the record that the District Court considered the particular facts and circumstances of Henry's case and, as mentioned, provided its reasons for the sentence imposed.

We find that the District Court's sentence was substantively reasonable. The District Court's decision to upwardly depart from the Sentencing Guidelines was based on the totality of the circumstances analysis and was sound. The Government recognizes that the District Court failed to state the reasons for the above-Guidelines sentence in a written order, but we agree with the Government that because the District Court stated those reasons in open court where its reasons are available on the record, Henry suffered no prejudice.

## V.    CONCLUSION

For the reasons provided, the above Guidelines range sentence that the District Court meted out was not procedurally or substantively unreasonable. Therefore, we will affirm the District Court's order.

10