NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1579
_____

UNITED STATES OF AMERICA

v.

CHIAMAKA WILLIFORD,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 03-cr-00566-002)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before:  FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges.*

(Opinion Filed October 7, 2011)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Chiamaka Williford ("Williford") appeals the District Court's March 1,

2011 commitment order, revoking his supervised release and sentencing him to twelve

months of imprisonment with no period of supervised release upon release from

imprisonment. Williford contends that the March 1, 2011 sentence was procedurally and substantively infirm, because the District Court sentenced him to a prison term above the advisory sentencing Guidelines, which recommended a sentence between five (5) and eleven (11) months for a Grade C violation. Williford also argues that the District Court failed to consider all of the 18 U.S.C. § 3553(a) factors and failed to issue a written statement of reasons for the above-Guidelines sentence imposed.

For the following reasons, we will affirm the District Court's order.

## I. BACKGROUND

We write primarily for the benefit of the parties and shall recount only the essential facts. Williford is a convicted felon, having pled guilty to two counts of distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a), and one count of aiding and abetting the distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2. The District Court imposed a sentence of 46 months of incarceration, to be followed by six years of supervised release. Williford's supervised release began on February 1, 2007.

On June 10, 2008, the Probation Office filed a petition alleging that Williford had committed multiple violations of the conditions of his supervised release. At the revocation hearing, the District Court found Williford to be in violation of his supervised release, and extended his term of supervised release by an additional five months. Williford was also ordered to attend a reentry program.

2

Several months later, the Probation Office filed a second petition alleging that Williford had violated the conditions of his supervised release. After a second revocation hearing, the District Court further modified the conditions of supervised release, by confining Williford to 60 days of house arrest with electronic monitoring and ordering him to attend an occupational reentry program.

More than a month later, the Probation Office filed a third petition, alleging that Williford had assaulted the mother of his child and violated the restrictions of house arrest. Following a third revocation hearing, the Court revoked Williford's supervised release, ordered that he be incarcerated for four months, and placed him on supervised release for 38 months.

On November 20, 2009, Williford began his extended term of supervised release. Over the next year, he allegedly used marijuana, failed to show up for appointments with the Probation Office at required times, failed to obtain employment, failed to report to the Probation Office within 72 hours of being arrested, and associated with a co-defendant from his underlying narcotics convictions. These alleged actions resulted in another petition being filed. The Probation Office requested modification of the conditions of supervised release, including placement in a residential reentry center for three months. Williford waived a revocation hearing and agreed to the proposed modification, and

entered a residential reentry center; however, within two weeks Williford was terminated from the program for refusing to surrender contraband to the staff upon request.[1]

Based on this termination, the Probation Office filed another petition alleging that Williford violated the terms of his supervised release. A violation hearing was scheduled in short order, but Williford failed to appear. This failure to appear, coupled with Williford's failure to appear for a drug test the previous Friday, led the District Court to issue a bench warrant for Williford's arrest. Williford remained a fugitive until February 24, 2011.

On March 1, 2011, the District Court held a violation hearing and found that Williford violated the conditions of his supervised release by failing to follow the rules of the residential reentry center. After holding a violation hearing, the District Court revoked his supervised release and ordered that he be incarcerated for 12 months. He filed a timely notice of appeal.

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction, pursuant to 18 U.S.C. § 3231 and § 3583(e), to determine whether to revoke a sentence of supervised release. See United States v. Dees, 467 F.3d 847, 851 (3d Cir. 2006) (Under 18 U.S.C. § 3583(e)(3),

---

[1] The resident supervisor testified that he conducted a wand search and a pat down search of Williford and felt an object that he believed to be a cell phone. The program director observed a subsequent pat down search and wand search and also believed that Williford was concealing a cell phone. Williford disputed that the object was a cell phone, but refused the program director's directive to hand over the object. This violation of supervised release is classified in the Sentencing Guidelines as a "C" violation.

"when certain conditions are met, a district court can revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release.")(internal quotation marks omitted).

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's final judgment of conviction and sentence. We also have jurisdiction under 18 U.S.C. § 3742(a) to review the sentence imposed upon a defendant after revocation of supervised release.

A district court's sentencing procedure is reviewed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51-52 (2007). On abuse of discretion review, the Court of Appeals gives due deference to the district court's sentencing decision. Id. at 51. District courts have discretion when sentencing and appellate review is limited to determining whether the sentence imposed is reasonable. Id. "Our appellate review proceeds in two stages. It begins by ensuring that the district court committed no significant procedural error, such as (1) failing to calculate (or improperly calculating) the U.S. Sentencing Guidelines range; (2) treating the Guidelines as mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) factors; or (4) selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence and to include an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting Gall, 552 U.S. at 597). If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have

5

imposed the same sentence on that particular defendant for the reasons the district court provided.  Id. at 568.

At stage two, we consider a sentence's substantive reasonableness.  "Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances.  At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness."  Id. at 567 (internal quotation marks, brackets, and citations omitted).  The procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release is reviewed for abuse of discretion.  United States v. Doe, 617 F.3d 766, 769 (3d Cir. 2010).

### III.    ANALYSIS

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), sentencing Guidelines were no longer deemed mandatory.  Instead, they were deemed advisory.  Since Booker, district courts are required to follow a three-step process in determining the appropriate sentence in this advisory scheme.  "(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.  (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.  (3) Finally, they are required to exercise [their] discretion by considering the relevant [§ 3553(a)] factors, in setting the sentence they impose regardless whether it varies from the sentence calculated under the

6

Guidelines." United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations omitted).

The sentencing judges are statutorily required to state their reasons for imposing a sentence, although a comprehensive, detailed opinion is not required. Rita v. United States, 551 U.S. 338, 356 (2007). The judge must provide an explanation that is sufficient to "satisfy the appellate court that [the district court] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision-making authority." Id.

Williford contends that the District Court failed to consider the § 3553(a) factors when it sentenced him to twelve months of imprisonment for a Grade C technical violation of his supervised release, and did not address its rationale for the sentence it imposed. We disagree. Under the Statutory Guidelines, after considering the § 3553(a) factors, the district court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

18 U.S.C. § 3583(e)(3).

According to § 7B1.4(a) of the Sentencing Guidelines, and based on a criminal history category of III, the range of imprisonment applicable for revocation of a Grade C violation is 5 to 11 months. Further, Commentary 3 to § 7B1.4 states that "[i]n the case of a Grade C violation that is associated with a high risk of new felonious conduct . . . an upward departure may be warranted."

The District Court was not required to impose a sentence within the advisory Guidelines range. It could have imposed a sentence up to the statutory maximum of 2 years of imprisonment. The advisory Guidelines range was correctly calculated from 5 to 11 months of imprisonment. The District Court considered arguments from the government and Williford's counsel regarding the sentence to be imposed. Williford's counsel requested a sentence in the "several month" advisory Guidelines range, and the government discussed the 5 to 11 month range. After considering all of the abovementioned factors, the District Court exercised its discretion in sentencing Williford to 12 months of imprisonment. In doing so, there was no abuse of discretion.

The next step in sentencing is to "consider those arguments in light of the § 3553(a) factors." Gunter, 462 F.3d at 247. Williford contends that the District Court did not consider the § 3553(a) factors. We disagree. The District Court is not required to list each factor. It is evident from the transcript of the last

8

revocation hearing that the Court considered the factors.[2] We find that the District Court considered the § 3553(a) factors. The nature and seriousness of the offense is reflected in the record regarding Williford's extensive interactions with the District Court, including the recitation of the countless revocation hearings the Court held. The District Court discussed the need for the sentence imposed, apparently patience and deterrence had not worked. Although reluctant to exceed the Guidelines, the District Court revoked Williford's supervised release and sentencing him to 12 months of imprisonment. The record shows that the District Court considered the § 3553(a) factors.

Most important, the District Court took into account that Williford became a fugitive, thus disobeying the Court's Order. Also, the District Court noted "[t]here's no question he's a serial violator. . . ." Williford had at least four revocation hearings over time.

The substantive component of a reasonableness review requires the appellate court to take into account the totality of the circumstances. United States v. Lychock, 578 F.3d 214, 217 (3d Cir. 2009). Although the appellate court considers the extent of any variance from the advisory Guidelines range, it must also give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the

_____

[2] "A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). A district judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." Rita, 551 U.S. at 356.

variance. Id. The substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided, in light of the particular facts and circumstances of that case. Tomko, 562 F.3d at 574. In looking at the totality of the circumstances, we determine whether a reasonable court would have applied the same sentence as the district court. See Lychock, 578 F.3d at 219 n.2.

Here, the sentence was not procedurally unreasonable. The only question for us to resolve is whether the District Court abused its discretion in sentencing Williford to one month above the advisory Guidelines range. The District Court did not commit a procedural error; the appropriate U.S. Sentencing Guidelines range was not contested by either party, and the District Court did not treat the Guidelines as mandatory. In addition, the District Court considered the 18 U.S.C. § 3553(a) factors and selected a sentence based on appropriate facts elucidated in the record. The District Court adequately explained the sentence it imposed. The sentence is substantively reasonable. The District Court did not abuse its discretion by sentencing Williford to 12 months of imprisonment.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order.