**UNITED STATES of America,**
**Appellant**

v.

**George R. LYCHOCK.**

No. 06–3311.

United States Court of Appeals,
Third Circuit.

Argued on Feb. 5, 2009.

Filed Aug. 25, 2009.

Sabrina G. Comizzoli, Esquire, Christopher J. Christie, Esquire, Caroline A. Sadlowski, Esquire, (Argued), Assistant United States Attorney, George S. Leone, Esquire, Chief, Appeals Division, Office of the United States Attorney, Newark, NJ, for Appellant.

Paul B. Brickfield, Esquire, (Argued), Brickfield & Donahue, River Edge, NJ, for Appellee.

Before RENDELL and ROTH, Circuit Judges and PADOVA *, Senior District Judge.

_____

* Honorable John R. Padova, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION

ROTH, Circuit Judge:

The government appeals a sentence of five years probation and a $10,000 fine imposed on George Lychock for his knowing possession of between 150 and 300 images of child pornography. The applicable Sentencing Guidelines range, as both parties had agreed, was 30 to 37 months. We agree with the government that Lychock's sentence was procedurally and substantively unreasonable. We will vacate the judgment of sentence and remand this case for resentencing.

## I. *BACKGROUND*

On April 13, 2004, as part of a wider investigation into an international child pornography enterprise, agents from the Bureau of Immigration and Customs Enforcement conducted a consensual search of George Lychock's apartment and seized two computer hard drives. Lychock quickly admitted that the agents would find approximately fifty images of child pornography on his computer. He further admitted that he knew it was illegal to possess child pornography and acknowledged that he had purchased access to child pornography websites using his credit card. He asserted that he had stopped purchasing access to such websites one year earlier but that he still searched the Internet for free images.

Ultimately, forensic examination of the hard drives revealed far more than fifty images of child pornography, and Lychock pled guilty to a one-count information charging him with knowing possession of at least 150 but fewer than 300 such images. Pursuant to a written plea agreement, Lychock stipulated to the following Guidelines calculation: Because he had no previous criminal record, Lychock was in Criminal History Category I. The base offense level was 15, which was increased by two levels because the pornographic images involved prepubescent minors or minors under the age of twelve years, *see id.* § 2G2.4(b)(1), and another two levels because the offense involved the use of the computer, *see id.* § 2G2.4(b)(3). Lychock received a three-level enhancement based on the number of images in his possession. After crediting Lychock with a three-level reduction based on his continued accepted of responsibility, the parties reached an "agreed total offense level" of 19. Finally, the parties agreed that "a sentence within the Guidelines range ... is reasonable" and that neither party would seek or argue for any departure or adjustment from the range. The applicable Guidelines range for Lychock's criminal history category and offense level was 30 to 37 months.[1]

Despite the agreement of the parties, the District Court declined to impose a term of imprisonment. The court acknowledged that "possession of child pornography is a serious offense" and that the Guidelines range was based on "a global consideration" of the harm done to victims. Nonetheless, the court characterized Lychock as basically "law abiding" and a "young man" whose "background and history are in total conflict with a jail term." The court thus asserted that imprisonment would "be counterproductive." The court further noted Lychock's cooperation with law enforcement, his acknowledgment of wrongdoing, his "supportive family," his decision to seek psychological help immediately, and the report of his psychologist that he was benefitting from their sessions.

In imposing a sentence that was substantially lower than the applicable Guidelines range, the District Court relied, in part, on its view that imprisonment would neither deter criminal conduct nor protect

---

1. The Guidelines manual used for these calculations was the November 1, 2003, edition.

the public from further crimes. The court opined,

> The only benefit I could see [to imprisonment would be] as a deterrent to others, and that is a factor.... So other people would recognize that they cannot subscribe to these images with impunity. I am not persuaded that a jail term for this defendant warrants, or is to be equated with that value. The kind of psychological problem in persons who are drawn to this kind of material it seems to me is not going to be deterred by a jail term for an internet porno observer. There is no suggestion the public otherwise is threatened by his conduct.

Based on these factors, the District Court imposed a sentence of five-years probation and a $10,000 fine.

The government appealed the sentence imposed by the District Court as unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.  *DISCUSSION*

■ After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for "reasonableness." *See id.* at 261–62, 125 S.Ct. 738. Reasonableness review entails an inquiry into "whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007). Our review contains both a procedural and a substantive component. Review for procedural reasonableness focuses on whether the District Court committed any error in calculating or explaining the sentence. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Review for substantive reasonableness asks us to "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

Recent Supreme Court decisions have clarified the appropriate sentencing procedures for district courts. First, a court must "correctly calculat[e] the applicable Guidelines range" and "remain cognizant of [the Guidelines] throughout the sentencing process". *See id.* at 597 n. 6. As the *Gall* Court elaborated, however, "[t]he Guidelines are not the only consideration.... Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by the party." *Id.* at 596. These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .

(5) any pertinent policy statement—

> (A) issued by the Sentencing Commission ... subject to any amend-

ments made to such policy statement by act of Congress . . . ;

. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553. Finally, "[a]fter settling on the appropriate sentence, [a district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 128 S.Ct. at 597. Though a district court may not automatically presume that a sentence within the applicable Guidelines range is reasonable, *see Nelson v. United States*, — U.S. —, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009), the Supreme Court has cautioned that a district court's explanation for "an unusually lenient or an unusually harsh sentence" must include "sufficient justifications" for the deviation, *see Gall*, 128 S.Ct. at 594.

In the instant case, the District Court failed to properly consider the § 3553 factors and failed to offer a sufficient justification for its imposition of a sentence so substantially below the applicable Guidelines range. *United States v. Goff*, 501 F.3d 250 (3d Cir.2007), is instructive—particularly because the same District Judge who sentenced Goff also sentenced Lychock. Goff was prosecuted as part of the same international investigation that uncovered Lychock's criminal conduct. *Id.* at 251. Like Lychock, Goff pled guilty to possession of child pornography, which he had accessed from Internet websites using his credit card and home computer. *Id.* Goff's advisory Guidelines range was slightly higher than Lychock's because of the number of images involved, but he also had no criminal history, had sought psychological treatment after his arrest, and

had a supportive family who wrote letters to the court. *Id.* at 253. Relying on these factors, the District Court imposed a sentence of four months imprisonment, well below the applicable Guidelines range of 37 months.

We vacated Goff's sentence and remanded the case for resentencing. Noting that the District Court had failed to mention § 3553(a) or Goff's applicable Guidelines range at all during the sentencing proceedings, we held that the "[t]he District Court did not give the Guidelines the consideration they are due." *Id.* at 256. Moreover, in sentencing Goff, the District Court failed to "adequately evaluate the seriousness of Goff's offense[,] . . . 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' " . . . [and] "the impact its sentence would have on the deterrence of similar criminal conduct." *Id.* As the *Goff* Court explained,

All of these are substantive problems, . . . but they are a product of the District Court's procedurally flawed approach. We reiterate what we have previously explained: there is no mandatory script for sentencing. Nevertheless, the . . . procedures for sentencing exist to guide the exercise of discretion. In disregarding those procedures, the District Court put at risk the substantive reasonableness of any decision it reached.

*Id.*

The judge, who sentenced Goff, made similar errors here, although she did so without the benefit of our *Goff* decision. The District Court correctly calculated Lychock's advisory Guidelines range and considered several of the § 3553 factors. Nonetheless, the court's analysis was procedurally flawed and resulted in a substantively unreasonable sentence.

As a procedural matter, the sentencing proceedings make clear that the District Court did not consider the need to avoid potential sentencing disparities among similarly situated individuals. *See* 18 U.S.C. § 3553(a)(6). Indeed, the District Court did not even mention this factor despite the fact that, in its sentencing memorandum, the government explicitly invoked this factor and highlighted the within-Guidelines sentences several Reg-Pay defendants had already received from other judges of the District Court. A sentencing court need not discuss and make findings as to each of the § 3553(a) factors, nor need the court discuss every argument made by a litigant if an argument is clearly without merit. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006). Where, however, the sentence imposed is "far below the sentences given to similar offenders," consideration of this disparity deserves "particular care." *Goff*, 501 F.3d at 256.[2]

Finally, as described above, the District Court relied, in part, on its view that imprisonment would neither deter criminal conduct nor protect the public from further crimes: "The kind of psychological problem in persons who are drawn to this kind of material it seems to me is not going to be deterred by a jail term for an internet porno observer. There is no suggestion the public otherwise is threatened by his conduct." To the extent that these assertions reflect a policy disagreement with the Guidelines recommendations,[3] such a disagreement is permissible only if a District Court provides "sufficiently compelling" reasons to justify it. *Gall*, 128 S.Ct. at 597; *see also Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007) ("[W]hile the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case.").

Neither here nor in *Goff* did the District Court offer a reasoned explanation for its apparent disagreement with the policy judgments of Congress regarding the appropriate sentences for child pornography offenses. Such an explanation is necessary so that, on appeal, we can determine whether the disagreement is valid in terms of the § 3553 factors, the Sentencing Guidelines, and the "perception of fair sentencing." *See Gall*, 128 S.Ct. at 597; *cf. United States v. Cutler*, 520 F.3d 136, 163 (2d Cir.2008) ("Although ... a sentencing court is allowed to impose a sentence that varies from the Guidelines based solely on policy considerations, including disagree-

---

**2.** This Court's recent *en banc* decision in *United States v. Tomko* does not change our analysis. In that case, we observed that, "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." 562 F.3d 558, 568 (3d Cir.2009). We thus affirmed a sentence that departed from the Sentencing Guidelines based on an "individualized determination that the Guidelines range recommended an excessive sentence." *Id.* at 570. Here, in contrast, the District Court failed to consider all of the relevant factors and appears to have made a determi-

nation based solely on a policy disagreement with the Guidelines, *see infra* note 3, making the sentence procedurally unreasonable.

**3.** The fact that the same district judge who sentenced Goff and Lychock has deviated substantially from the advisory Guidelines range on every occasion in which she has sentenced similarly situated defendants further supports the inference that Lychock's unusually lenient sentence results from a policy disagreement with the Guidelines. *See United States v. Matthews* (Crim. No. 05–220); *United States v. Bourne* (Crim. No. 05–296); *United States v. Remesi* (Crim. No. 05–335); *United States v. Hunt* (Crim. No. 06–340).

ments with the Guidelines, the court is required ... to state the basis for its disagreement, along with sufficient justifications for the extent of any departure." (internal quotation marks omitted)). The conclusory statement of personal belief provided in this case does not suffice.

■ Lychock, however, argues the substantive propriety of his sentence. He contends that the District Court simply made an individualized determination that his age, acceptance of responsibility, and lack of criminal history warranted the downward variance from the Guidelines recommendation of 30 months imprisonment to a sentence of probation. A closer examination of these characteristics, though, demonstrates that none of them provides a "sufficient justification" for such a significant deviation. *See Gall*, 128 S.Ct. at 597. At the time of sentencing, Lychock was 37, only five years younger than the average age for pornography/prostitution offenders nationwide; *see* United States Sentencing Commission, Sourcebook of Federal Sentencing Statistics for Fiscal Year 2007, at Table 6 ("Age of Offenders in Each Primary Offense Category"), available at http://www.ussc.gov/ ANNRPT/2007/Table06.pdf. Both Lychock's acceptance of responsibility and lack of criminal history were already reflected in his Guidelines calculation. *See* U.S.S.G. § 3E1.1; *Goff*, 501 F.3d at 261 n. 17. Moreover, Lychock's lack of criminal history is typical of individuals convicted for possession of child pornography. *See Goff*, 501 F.3d at 260–61 (citing United States Sentencing Commission, Final Report on the Impact of *United States v. Booker* on Federal Sentencing, March 2006, at Table 18, available at http: //www. ussc.gov/booker_report/Booker_Report. pdf). Plainly, Lychock is in the "heartland" of offenders for Guidelines purposes. *See Rita*, 551 U.S. at 351, 127 S.Ct. 2456.

We do not mean to suggest that courts may never vary from the Guidelines based on the generally "law-abiding" nature of a first-time offender or a child pornography offender's decision to seek psychological treatment; indeed, the Guidelines are advisory and are only one factor to be considered in sentencing. *See Booker*, 543 U.S. at 246, 125 S.Ct. 738. Even in this case, the government acknowledges that "the circumstances might have supported a modest divergence from the [advisory Guidelines] range." The District Court's decision to deviate from a 30–37 month Guideline range down to a sentence of probation, however, cannot be justified solely by these factors.

We conclude that, by ignoring relevant factors and failing to offer a reasoned explanation for its departure from the Guidelines, the District Court once again "put at risk the substantive reasonableness of any decision it reached." *Goff*, 501 F.3d at 256. That risk of unreasonableness was realized, under the particular circumstances of this case, in Lychock's sentence of probation. In *Goff*, we held that a sentence of four months was a substantively unreasonable punishment for virtually the same crime committed by a similar individual. *Id.* We outlined the harm caused by the purportedly "passive" possession of child pornography and the "ample evidence of Congress's intent that offenses involving child pornography be treated severely." *See id.* at 258–59 & n. 13. We need not repeat that analysis here. It is enough to say that, by imposing a sentence so far below the range suggested by the Guidelines and stipulated to by the parties, the District Court did not adequately take account of "the seriousness of the offense," the need to "promote respect for the law," the need to "provide just punishment," or the considered view of Congress as reflected in the

Sentencing Guidelines. *See* 18 U.S.C. § 3553(a).

## III. *CONCLUSION*

District courts enjoy a strong institutional advantage in arriving at sentencing decisions and are generally entitled to substantial deference. *Gall,* 128 S.Ct. at 597; *Tomko,* 562 F.3d at 591. Nevertheless, for the reasons stated above, we will vacate Lychock's judgment of sentence and remand this case for resentencing.