NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-1560

———————

UNITED STATES OF AMERICA

v.

BENJAMIN GREEN,
                              Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 08-cr-00220-001
(Honorable Legrome D. Davis)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2010
Before:  SCIRICA and AMBRO, *Circuit Judges*, and JONES[*], *District Judge*.

(Filed: July 29, 2010)

———————

OPINION OF THE COURT

———————

SCIRICA, *Circuit Judge*.

    Appellant Benjamin Green pled guilty to six counts of aggravated identity theft in

violation of 18 U.S.C. §§ 1028 (a)(1) and (c)(4), six counts of fraud with an access device

———————

[*]The Honorable John E. Jones, III, United States District Judge for the Middle District
of Pennsylvania, sitting by designation.

in violation of 18 U.S.C. § 1029(a)(2), and one count of bank fraud in violation of 18 U.S.C. § 1344. The District Court sentenced Green to 84 months' imprisonment, five years of supervised release, restitution of $95,522.64, and a special assessment of $1,300. Green appeals his sentence, contending it is procedurally unreasonable. Finding no error, we will affirm.[1]

## I.

Between December 2006 and April 2007, Green stole the identities of numerous people and acquired over $70,000 by using his victims' bank checks and credit cards. A police search of Green's residence recovered over forty patient profiles from Philadelphia hospitals, Wachovia Bank customer profiles and signature cards, completed loan applications, eighty-one documents involving identification information for other persons, and a book entitled "Identity Theft: The Cybercrime of the Millennium." As noted, Green pled guilty.

At sentencing, Green argued his actions warranted a sentence within the range recommended by the sentencing guidelines, 57– 65 months' imprisonment. The government argued the guidelines range understated the seriousness of Green's crimes and did not take into account Green's extraordinary measures to obtain his victim's identities and banking information; accordingly, it recommended a sentence of 108

---

[1]The district court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over a timely appeal from a judgment in a criminal case under 28 U.S.C. § 1291.

2

months.  The government presented five witness statements from victims, one of whom

testified at sentencing.  The victim who testified, Mr. Goodwin, told the court he wished

Green to receive the maximum sentence possible.[2]  Green contends his sentence of 84

months' imprisonment was procedurally unreasonable because the court considered Mr.

Goodwin's opinion in imposing sentence.[3]

## II.

We generally review sentencing decisions for abuse of discretion.  *Gall v. United*

*States*, 552 U.S. 38, 51 (2007).  Green did not object to the purported error, so we review

under a plain error standard.  Fed. R. Crim. P. 52(b).  Plain error requires an error, the

error to be plain, and the plain error to affect the appellant's substantial rights.  *See*

*United  States v. Heckman*, 592 F.3d 400, 404 (3d Cir. 2010).  Because Fed. R. Crim. P.

52(b) is permissive, not mandatory, we may reverse if the plain error affects substantial

rights, but are not required to do so.  *United States v. Olano*, 507 U.S. 725, 735 (1993).

"For a plain error to affect substantial rights, it must have affected the outcome of the

---

[2]Green's sentence was based on a total offense level of 15 and a criminal history score of VI.  He does not challenge the substantive reasonableness of his sentence.

[3]When listening to Mr. Goodwin's testimony, the Court asked "What do you think I ought to do to this young man?"  In response, Mr. Goodwin replied "Well, Judge, I'm not the – I'm not the judge in this to give the sentence, but . . . if it were up to me, I probably would give him the maximum sentence."  The maximum statutory penalty for Green's crimes would have been up to 102 years in prison, up to $4,000,000 in fines, up to $1,300 in special assessments, and up to five years of supervised release.

district court proceedings." *United States v. Heckman*, 592 F.3d 400, 404 (citing *Olano*, 507 U.S. at 732 (1993) (internal quotation marks omitted).

Procedural reasonableness "focuses on whether the District Court committed any error in calculating or explaining the sentence." *United States v. Lychock*, 578 F.3d 214, 217 (3d Cir. 2009) (citing *Gall,* 552 U.S. at 51). Procedural errors could include improperly calculating the guidelines range or treating the guidelines as mandatory, failing to consider the mitigating factors in 18 U.S.C. § 3553(a), choosing a sentence based on "clearly erroneous facts," or not adequately explaining the sentence. *Gall,* 552 U.S. at 51. Green contends his sentence was procedurally unsound because the court acted beyond its authorized discretion when it asked one of Green's victims about the possible sentence. We disagree.

In its sentencing discretion, the court may consider a variety of factors, including the guidelines, "grounds raised by counsel, the defendant's allocution, [and] victim statements." *United States v. Vampire Nation*, 451 F.3d 181, 197 (3d Cir. 2006); *See also Dillon v. United States*, No. 09-6338, 2010 WL 2400109, at *3 (U.S. June 17, 2010). Additionally, the Crime Victims' Rights Act (CVRA) gives crime victims "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4) (2010). The court's questions to Mr. Goodwin addressed the seriousness of the defendant's offense and "just punishment" under 18 U.S.C. § 3553(a). The court heard (and rejected) the victim's

opinion, and heard testimony from the defendant, and counsels' recommendations. The court consulted the guidelines, considered the 3553(a) factors, provided a sentence based on undisputed facts, and explained the chosen sentence.[4] *See Gall*, 552 U.S. at 51. Hearing Mr. Goodwin's opinion about sentencing does not constitute procedural error.

Even assuming the court's query had been erroneous (which it was not), nothing in the record suggests the victim's statement improperly influenced the court's sentencing judgment and thus affected Green's substantial rights. The court imposed a sentence of 84 months' imprisonment, five years of supervised release, restitution of $95,522.64 and a special assessment of $1,300. This sentence falls above the Guidelines range of 57– 65 months' imprisonment, but lies well below the government's recommendation of 108 months, and is far below the maximum sentence suggested by the victim. Green's sentence is both procedurally and substantially reasonable.

We "repose our confidence in district judges to apply fairly and justly the factors set forth in 18 U.S.C. 3553(a), which may require variances from the Guidelines range." *United States v. Kennedy,* 554 F.3d 415, 423 (3d Cir. 2009). We see no error, let alone plain error.

---

[4]When the defendant asked why he received a sentence of 84 months, the court responded, "[T]he way that I analyze what you did is that you're committed to a particular course. . . . You have done this countless times before. Your explanations aren't particularly persuasive. And the only way that I know of that we can keep you from committing more crimes is for me to put you in jail . . . . And I thought that, in light of everything that's involved in a federal sentencing, 84 months, which is about the recommended range, is more than fair."

### III.

For the forgoing reasons, we will affirm the judgment of conviction and sentence.