NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1187
_____

UNITED STATES OF AMERICA

v.

RANDOLPH SCHNEIDER,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-08-cr-00450-001)
District Judge:  Honorable James F. McClure
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2010

Before:  AMBRO, FISHER and GREENBERG, *Circuit Judges*.

(Filed: November 23, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

      Appellant Randolph Schneider pled guilty and was convicted for the unlawful

possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Schneider

appeals from the judgment of sentence entered by the District Court.  For the reasons

stated below, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On March 18, 2009, Schneider pled guilty in the United States District Court for the Middle District of Pennsylvania to the charge of possession of a computer and compact discs which contained child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The District Court accepted his guilty plea and a Presentence Investigation Report ("PSR") was prepared on May 4, 2009. Upon receiving the PSR, Schneider set forth several objections and, on August 18, 2009, an Addendum to the PSR was issued.

On January 7, 2010, the District Court conducted a sentencing hearing. The District Court considered the nature and circumstances of the offense and noted that the Guideline range for the offense was fifty-one to sixty-three months. Additionally, the District Court considered the 18 U.S.C. § 3553(a) factors. Ultimately, the District Court sentenced Schneider to thirty-six months' imprisonment, fifteen months below the Guideline range, as well as ten years' supervised release.

On January 11, 2010, Schneider filed a timely notice of appeal of the District Court's judgment of sentence.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

We review sentences for both procedural and substantive reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

### III.

On appeal, Schneider asserts that the District Court failed to "meaningfully" consider his argument regarding unwarranted sentence disparities under 18 U.S.C. § 3553(a)(6), resulting in an unreasonable sentence.[1]  Specifically, Schneider argues that the District Court did not properly consider probationary sentences imposed on similarly situated defendants in other district courts.  The government contends that the District Court properly considered both the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors, and imposed a reasonable sentence.

When sentencing a defendant, a district court must undertake three steps.  First, a district court must properly and accurately calculate the defendant's Guideline range. *United States v. Levinson*, 543 F.3d 190, 194 (3d Cir. 2008).  Second, a district court must "rule on any motions for departure and, if a motion is granted, state how the departure affects the Guidelines calculation. See *id.* at 195.  Third, "after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the Guidelines." *Id.* (internal citations omitted).

---

[1] This factor requires a district court to evaluate "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

3

We review sentences imposed for "reasonableness." *United States v. Lychock*, 578 F.3d 214, 217 (3d Cir. 2009) (internal citation omitted). We begin our review by "'ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall*, 552 U.S. at 51). If the district court's procedure is adequate, we "consider its substantive reasonableness" based upon the totality of the circumstances. *Id*. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (citing *United States v. Cooper*, 437 F.3d 324, 329-32 (3d Cir. 2006)). "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *Tomko*, 562 F.3d at 567.

First, Schneider alleges that the District Court failed to "meaningfully" consider probationary sentences imposed on similarly situated defendants in other district courts. In this case, the record clearly establishes that the District Court meaningfully considered the need to avoid sentence disparities pursuant to 18 U.S.C. 3553(a)(6). The District Court noted that the Guidelines called for a sentence between fifty-one and sixty-three months. Then, the District Court listened to Schneider's argument requesting a probationary sentence. The District Court asked several questions regarding the request

4

because probation was a significant departure from the Guidelines. The District Court also considered a case involving a similarly situated defendant found guilty of comparable conduct. In that case, District Court imposed a sentence at the bottom of the Guidelines of fifty-one months. The record reflects the District Court's meaningful consideration of the need to avoid unwarranted sentence disparities. Thus, Schneider's claim is unpersuasive.

Second, Schneider alleges that his sentence is substantively unreasonable. The pertinent inquiry is "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). In this case, before imposing its sentence, the District Court properly considered the totality of the circumstances. After considering the 3553(a) factors and other circumstances, the District Court determined that a sentence of thirty-six months' imprisonment, fifteen months below the bottom range of the Guidelines, was appropriate. The District Court departed downward from the Guideline range because, in its view, Schneider presented a lower risk of recidivism. Therefore, we find that the District Court appropriately considered the relevant factors and the sentence was substantively reasonable.

In sum, we hold that the District Court did not commit an abuse of discretion because the sentence was procedurally and substantively reasonable.

## IV.

For the foregoing reasons, we will affirm the District Court's sentence.

5