NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2585
_____

UNITED STATES OF AMERICA

v.

RICHARD DAVIS,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Action No. 08-cr-00612-003)
District Judge:  Honorable José L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2011
_____

Before:  SLOVITER, GREENAWAY, JR., and ALDISERT, *Circuit Judges.*

(Opinion Filed: October 31, 2011)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Richard Davis ("Davis") appeals the District Court's June 2, 2011

Judgment of Conviction, revoking his supervised release and sentencing him to twelve

months and one day of imprisonment.  Davis argues that the sentence is substantively

infirm. Specifically, Davis argues that the District Court abrogated its responsibility by not seeking and implementing an alternative means of punishment, such as an intensive residential outpatient program.

For the following reasons, we will affirm the District Court's Judgment.

## I. BACKGROUND

We write primarily for the benefit of the parties and shall recount only the essential facts. Davis is a convicted felon, initially sentenced by the District Court to thirty months of imprisonment for conspiracy to steal and convert treasury checks. Within months of his release, Davis failed to comply with the terms of supervised release. Davis failed to meet, at the appointed times, with his probation officer, failed to give his probation officer a new address, and committed a crime leading to his arrest and a plea of guilty.

Following his State court plea, Probation sought the intervention of the District Court by filing a Petition for Warrant or Summons for Offender Under Supervision. The Petition specified five violations. Davis pled to Violation 3 — committing another crime (the shoplifting offense). The District Court sentenced Davis to twelve months and one day of incarceration with no further term of supervised release for his Grade C violation. He filed a timely notice of appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction, pursuant to 18 U.S.C. § 3231 and § 3583(e)(3), to determine whether to revoke a sentence of supervised release. See

2

United States v. Dees, 467 F.3d 847, 851 (3d Cir. 2006).

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's final

judgment of conviction and sentence and under 18 U.S.C. § 3742(a) to review the

sentence imposed upon a defendant after revocation of supervised release.

A district court's sentencing procedure is reviewed for abuse of discretion. See

Gall v. United States, 552 U.S. 38, 51 (2007). On abuse of discretion review, the Court

of Appeals gives due deference to the district court's sentencing decision. See id.

District courts have discretion when sentencing and appellate review is limited to

determining whether the sentence imposed is reasonable. See id.

> Our appellate review proceeds in two stages. It begins by ensuring that the
> district court committed no significant procedural error, such as failing to
> calculate (or improperly calculating) the Guidelines range, treating the
> Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting
> a sentence based on clearly erroneous facts, or failing to adequately explain
> the chosen sentence and — including an explanation for any deviation from
> the Guidelines range.

United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting Gall,
552 U.S. at 51).

> Assuming that the district court's sentencing decision is procedurally
> sound, the appellate court should then consider the substantive
> reasonableness of the sentence imposed under an abuse-of-discretion
> standard. When conducting this review, the court will, of course, take into
> account the totality of the circumstances, including the extent of any
> variance from the Guidelines range. If the sentence is within the
> Guidelines range, the appellate court may, but is not required to, apply a
> presumption of reasonableness.

Gall, 552 U.S. at 51 (citing Rita v. United States, 551 U.S. 338, 347 (2007)).[1]

---

[1] Davis claims that the District Court's sentence was substantively unreasonable. He does

## III.   ANALYSIS

The substantive component of a reasonableness review requires the appellate court "to take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  See United States v. Lychock, 578 F.3d 214, 217 (3d Cir. 2009).  In looking at the totality of the circumstances, we determine whether a reasonable court would have applied the same sentence as the district court.  See id. at 219 n.2.

Davis contends that the District Court's sentence was substantively unreasonable because it sent him to prison for a Grade C technical violation of his supervised release rather than placing him in a residential outpatient program as he requested.  We reject Davis's argument.

We have previously held that a "[s]entence is imposed for violations of supervised release primarily to sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  United States v. Bungar, 478 F.3d 540, 544 (3d Cir. 2007) (internal citations and quotations omitted).

Although Davis was charged with a shoplifting offense, a Grade C violation, he has an extensive adult history of criminal convictions, and at least five separate violations and/or revocations of probation.  Davis's myriad criminal

---

not argue that the District Court committed any procedural error.  Therefore, our review will focus only on the determination of substantive unreasonableness.

4

convictions include burglary, possession of marijuana with intent to sell, possession of cocaine, shoplifting, theft, escape in the 3rd degree, receiving stolen property, and loitering to obtain/sell a controlled dangerous substance. His Pre Sentence Investigation Report (PSR) reflected 40 criminal history points and a Criminal History Category of VI. The appropriate advisory Guidelines range for a Category VI offender is 8 to 14 months of imprisonment.

The District Court sentence of twelve months and one day of imprisonment was within the advisory Guidelines range. At the hearing, the District Court discussed Davis's repeated breaches of trust and pointed out that it could revoke supervised release and sentence Davis to prison. Davis's counsel addressed the Court and stated that Davis's criminal activities were due to his dependence on cocaine and alcohol. He further stated that Davis had never received drug treatment and would benefit from an intensive residential program. Although Davis argues now that the District Court ignored his "desperate need for treatment," the record indicates otherwise. The District Court addressed Davis's drug issues, and said that Davis had made the same statements seeking assistance when he was originally sentenced. (App. Vol. II, 40.) The District Court also found that Davis had violated the Court's trust before, and noted that "there has been a history, as this Court is aware of in the prior case of the drug issue and alcohol." Id at 43.

The District Judge addressed Davis's need for drug treatment while incarcerated when he stated:

> I think Mr. Davis, until you take care of that [drug] problem, you are going to continue to be back here, and the sentences are going to get worse and worse along the way. You are in the federal system now, and you get serious time when you violate conditions of supervised release and when you violate federal laws.

Id. at 44.

In addition, the District Court stated that it would make a recommendation to the Bureau of Prisons that drug and alcohol treatment, as well as mental health treatment, be a part of the sentence.

Finally, with respect to Davis's challenge to the reasonableness of his sentence, we are satisfied that the District Court adequately considered the applicable § 3553(a) factors in sentencing Davis. See Tomko, 562 F.3d at 568 ("we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided".)

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.