NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4532
_____

UNITED STATES OF AMERICA

v.

ALEXANDER PALMISANO,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Cr. Action No. 12-cr-00325-1)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2014
_____

Before: AMBRO, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: March 13, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Alexander Palmisano ("Appellant") appeals his Judgment of Conviction

1

for armed bank robbery, in violation of 18 U.S.C. § 2113(d). Following his conviction, Appellant received a 108-month term of imprisonment, followed by a five-year term of supervised release, a $100 special assessment, and $1,000 fine. Appellant contends that his sentence was substantively unreasonable because it varied thirty months above the high end of his guidelines range. For the following reasons, we will affirm the District Court's Judgment of Conviction.

## I. Facts and Procedural History

Because we write primarily for the benefit of the parties, we recount only the facts essential to our discussion.

On March 1, 2012, Palmisano entered the Union Community Bank in Columbia, Pennsylvania, holding what appeared to be a black pistol, but was, in fact, an air pistol. Palmisano approached three bank tellers who were on duty that day, pointed the weapon directly at the tellers, and ordered them to put money into a plastic bag Palmisano provided. Palmisano then fled the bank on foot with a total of $3,789. One of the bank tellers notified the police, who, after a brief search, apprehended Palmisano, recovered the stolen bank money, and retrieved the black air pistol.

Palmisano was indicted in the Eastern District of Pennsylvania on one count of armed bank robbery. He later pled guilty to that count. The District Court sentenced Palmisano to a 108-month term of imprisonment, a five-year term of supervised release, a $100 special assessment, and a $1,000 fine.

The base offense level for the robbery was 20.  Palmisano was subject to a two-level increase because the offense involved the property of a financial institution, and a three-level increase because he brandished a dangerous weapon during the robbery.  With a three-level reduction for acceptance of responsibility, Appellant's adjusted offense level was 22.

The Probation Office also considered Palmisano's criminal history.  Palmisano had two prior convictions for bank robbery: he received three criminal history points for the first robbery offense, and one point for the second.[1]  Palmisano also had a 2003 conviction for retail theft, which resulted in one criminal history point.  An additional two points were added because Palmisano was on parole at the time he committed the robbery in this case.

Taken together, Palmisano had a total of seven criminal history points, which placed him in criminal history category IV.  The total offense level of 22 and criminal history category of IV placed Palmisano in an advisory guideline range of 63 to 78 months.

Palmisano argued at his sentencing hearing that a sentence within or below the advisory guideline range would be adequate, especially in light of the fact that he would serve additional jail time for his parole violation.  The government sought an upward

---

[1] On December 17, 2004, Palmisano was sentenced to a five to fifteen-year term of imprisonment for the two prior robberies, and was paroled on December 26, 2010 after serving approximately seven years of his sentence.

variance to a 120-month term of imprisonment. The government argued that an upward variance was appropriate, citing the serious nature of the offense, the fear Palmisano instilled in the victim tellers, and his criminal history, including the fact that he committed the third robbery not long after his release from prison, while still on parole. The government also presented the testimony of two of the three victim tellers who recounted their belief that Palmisano had a real gun and would have hurt them if they had failed to comply with his demands.

The District Court adopted the guideline calculation, and, in considering the § 3553(a) factors, concluded that the offense was extremely serious. It noted that Palmisano had committed two prior armed bank robberies and had not been deterred from committing another. As a result, the District Court sentenced Palmisano to a term of 108-months of imprisonment, which is thirty months above the guideline range.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's sentencing decision under an abuse of discretion standard. *Rita v. United States*, 551 U.S. 338, 364 (2007) (citing *United States v. Booker*, 543 U.S. 220, 261 (2005)).

## III. Legal Standard

We have held, in light of *Booker*, that a sentencing court must follow a three-step sequential process in determining an appropriate sentence. *United States v. Gunter*, 462

4

F.3d 237, 247 (3d Cir. 2006). Courts must: (1) correctly calculate a defendant's sentence under the U.S. Sentencing Guidelines; (2) formally rule on the motions of both parties and state on the record whether they are granting a departure, how that departure affects the guidelines calculations, and take into account the Court's pre-*Booker* case law, which continues to have advisory force; and (3) consider those arguments in light of the § 3553(a) factors. *Id.* The sentencing court must provide an explanation for imposing a sentence that is sufficient to satisfy the appellate court that the district court considered the parties' arguments, and had a reasoned basis for exercising its own decision-making authority. *Gunter*, 462 F.3d at 247. District courts have discretion when sentencing, and appellate review is limited to determining whether the sentence imposed is reasonable.

"The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc); *see also United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008) ("Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way."). "[I]f the sentence is outside the Guidelines range, the [appellate] court may not apply a presumption of reasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007).

"Our appellate review proceeds in two stages." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). First, we ensure "that the district court committed no significant

5

procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (quoting *Gall*, 552 U.S. at 50). If the district court's procedure is satisfactory, we move to stage two and consider the substantive reasonableness of the sentence. *Id.* (citing *Levinson*, 543 F.3d at 195).

The substantive component requires the appellate court to take into consideration the totality of the circumstances. *United States v. Lychock*, 578 F.3d 214, 217 (3d Cir. 2009). In looking at the totality of the circumstances, a sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (internal quotations omitted). Although the appellate court considers the extent of any variance from the advisory guidelines range, it must also give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Id.* The substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided, in light of the particular facts and circumstances of that case. *Tomko*, 562 F.3d at 573.

## IV. Analysis

Palmisano contends that the District Court's sentence of 108 months' imprisonment is substantively unreasonable. He argues that the District Court failed to provide sufficient justification for imposing the thirty-month upward variance.

First, Palmisano argues that the District Court erred by relying on factors to justify the upward variance that were already accounted for in the guideline range. Specifically, Palmisano argues that "the seriousness of the offense," which the District Court relied upon in part to justify the upward variance, was already accounted for in his starting offense level of 20. (Appellant Br. 18.) Palmisano also contends that the three-level enhancement he received for brandishing a dangerous weapon incorporated the "harm of causing others to fear for their lives." *Id.* Finally, Palmisano notes that the District Court's assessment of his lack of deterrence from participating in armed robberies of banks was also already accounted for in the his criminal history category and associated points.

This argument is without merit. While Palmisano is correct that some of the justifications for the upward variance were also used in calculating the guideline range, this does not amount to a substantively unreasonable sentence. A court is not precluded from deviating from the guideline range on the basis of a particular factor simply because that fact was also considered in determining the guideline range. *See United States v. Greenidge*, 495 F.3d 85, 103 (3d Cir. 2007) ("We emphasize that a sentencing court is

7

not prohibited from considering the factual basis underlying a defendant's sentence enhancements, and indeed, *should* consider those facts in order to tailor the sentence to the defendant's individual circumstances."). The District Court was statutorily empowered to consider Palmisano's criminal history in the context of the § 3553(a) factors in determining to impose an upward variance, as well as in the guidelines calculation.

Palmisano also argues that the sentence was substantively unreasonable because it was "greater than necessary to achieve the purposes of § 3553(a) and failed to comply with the need to avoid unwarranted disparity." (Appellant Br. 21.) The record, however, does not bear this out. The District Court considered each of the § 3553(a) factors in order to fashion a sentence that was sufficient, but not greater than necessary to serve the goals of sentencing. To that end, the District Court identified those factors that weighed in favor of leniency (i.e., Palmisano's difficult childhood and family history), and those factors that weighed in favor of a longer sentence (i.e., the victims' clear terror, the fact that Palmisano had not been deterred by the lengthy sentence he had received from the two prior armed bank robberies). Given that the District Court did examine the totality of the circumstances in sentencing Palmisano, we cannot say that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Accordingly, Palmisano has failed to show that the sentence was substantively unreasonable.

8

## IV. Conclusion

Given the facts and totality of the circumstances, the District Court's 108-month sentence is substantively reasonable, and we will affirm.