**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1298
_____

UNITED STATES OF AMERICA,
Appellant

v.

VICTOR LOPEZ a/k/a ALEX LOPEZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3-13-cr-00155-001)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
on September 19, 2017

Before:  AMBRO, KRAUSE, and SCIRICA, *Circuit Judges*

(Opinion filed: October 11, 2017)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Government appeals from the District Court's judgment of sentence imposed on Appellee Victor Lopez and challenges both its procedural correctness and substantive reasonableness. For the reasons that follow, we conclude the District Court procedurally erred in sentencing Lopez. As a result, we need not reach the question of whether Lopez's sentence is substantively unreasonable, and we will vacate the District Court's judgment and remand for resentencing.

## I.     Background

In April 2014, a federal jury found Lopez guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lopez's sentencing range under the advisory Guidelines was 120 to 150 months in prison, but the statutory maximum capped his potential sentencing exposure at 120 months. *See* 18 U.S.C. § 924(a)(2). At the sentencing hearing held in October 2014, the District Court stated that one question that needed to be answered was whether Lopez's federal sentence should run concurrent with, or consecutive to, a 34-month parole revocation sentence that the State of New Jersey had imposed after his arrest for the § 922(g)(1) offense. After a brief exchange with the prosecutor, the District Court confirmed that the state sentence would be ending in July 2015 (i.e., in about 9 months), and then took a short recess "to discuss with Probation whether anything—any other change with regard to the State parole violation appears to be forthcoming." J.A. 41.

When the sentencing hearing reconvened, the District Court proceeded to impose the sentence, varying downward 50 months from the Guidelines' 120-month

recommendation and sentencing Lopez to 70 months in prison. The Court explained that this sentence would run "consecutive to any previously imposed undischarged term of imprisonment imposed by the State," J.A. 42, and that it granted the variance "because of the defendant's age," as he was 23 years old at the time of the offense, and because of "the fact that his criminal conduct was clustered in a certain period of time, and there's some hope that a sentence less than the maximum . . . might give him some hope to turn a new leaf," J.A. 45.

Lopez then filed a direct appeal that raised only guilt-phase claims. That appeal ultimately proved successful, as we vacated his conviction and remanded for further proceedings because the Government had violated *Doyle v. Ohio*, 426 U.S. 610 (1976), at trial by trying to use his post-*Miranda* silence against him. *See United States v. Lopez*, 818 F.3d 125, 131-32 (3d Cir. 2016). On remand, Lopez elected to plead guilty to the § 922(g)(1) charge rather than face another trial, and because of the one-level reduction associated with that acceptance of responsibility,[1] his Guidelines range became 110 to 137 months (with the 120-month statutory maximum still capping his potential sentencing exposure). However, in view of the variance and sentence previously imposed by the District Court, the parties entered into a written plea agreement in which they stipulated that the previously imposed 70-month prison term, to run consecutively

---

[1] That one-level reduction was the sum of a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and a two-level increase for obstruction of justice, *see* U.S.S.G. § 3C1.1.

3

from Lopez's 34-month state sentence, would be fair and reasonable. Lopez by that point had finished serving his state sentence, which, as anticipated at the initial sentencing, had concluded in July 2015.

The District Court held a new sentencing hearing in January 2017. At that hearing, Lopez expressed remorse for his crime (he had claimed to be innocent at the earlier hearing) and highlighted his continued family support and his mother's medical problems. For its part, the Government highlighted Lopez's serious criminal history, perjury at trial, solicitation of a false affidavit from a witness, and recorded calls from prison in which he attempted to persuade his younger brother to "take the charge" in his stead. The Government also noted that, despite the District Court going "out on a limb" for Lopez with the "very generous sentence" it previously imposed, Lopez over the past year and a half had amassed four prison violations, including one involving a weapon and two involving drugs, with one of those drug offenses resulting in yet an additional sentence. J.A. 70. Thus, the Government argued, "the defendant has continued despite . . . what he said before the Court about being concerned about his mother and his family, his actions have not translated to that concern. He has already lengthened his prison sentence by his own actions in jail. . . . The defendant has not shown that he is a rehabilitated man." J.A. 70.

At the conclusion of the hearing, instead of granting a variance to 70 months as it had done before and as the parties stipulated, the District Court decided to vary even farther downward to a term of only 40 months. As a general matter, the District Court

4

stated that it had not "intend[ed] to impose a draconian or even a near maximum sentence" in this case, J.A. 77, and that "I am sure that any sentence I impose, an excellent justification could be made for the opposite," J.A. 76-77. Specifically as to the variance, notwithstanding its express recognition at the original sentencing that Lopez's state sentence would be ending in July 2015, the Court explained that it was varying downward an additional 30 months because it had not known at the first sentencing when Lopez's state sentence was expected to conclude:

> The problem here is that when I imposed the 70-month sentence after the trial, jury trial, I did not know what his state sentence would work out to. The 70-month sentence was below the recommended guidelines. It gave him a benefit, but we had no idea what the State was going to do. Now we know, only now, and so quite frankly the 70 months is engrafted upon or merged with the state time that was imposed.

J.A. 65.

The Government now appeals from Lopez's new sentence, arguing that the District Court procedurally erred and that the sentence is substantively unreasonable.

## II.    Discussion[2]

"We review a criminal sentence for an abuse of discretion and proceed in two stages." *United States v. Fountain*, 792 F.3d 310, 322 (3d Cir. 2015). First, we review the sentence for procedural error, "ensuring that the district court: (1) correctly calculated the defendant's advisory Guidelines range; (2) appropriately considered any

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291.

5

motions for a departure under the Guidelines; and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014). If the district court did procedurally err, "we will generally remand the case for re-sentencing, without going any further." *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011) (internal quotation marks omitted). On the other hand, if there was no procedural error, we proceed to the second stage of our review and consider whether the sentence is substantively unreasonable. *See Freeman*, 763 F.3d at 335.

In this appeal, the Government argues that the District Court procedurally erred by failing to adequately explain its reasons for Lopez's 40-month sentence. "A district court is required to 'state in open court the reasons for its imposition of the particular sentence.'" *United States v. Azcona-Polanco*, 865 F.3d 148, 152 (3d Cir. 2017) (quoting 18 U.S.C. § 3553(c)). When explaining a sentence, a judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Put another way, the district court's explanation must be "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008)). Although there is "no uniform threshold for sufficiency because of the fact-bound nature of each sentencing decision, we certainly always

6

demand more than a rote recitation of the § 3553(a) factors," *id.*, and we have made clear that "[a] major variance from the Guidelines requires a more significant justification than a minor one," *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)). "By explaining the reasons behind the sentence, the [district] court ensures that appellate review does not 'flounder in the zone of speculation.'" *United States v. Loy*, 191 F.3d 360, 371 (3d Cir. 1999) (quoting *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996)).

At Lopez's second sentencing, where he faced an advisory Guidelines range of 110 to 137 months, the District Court granted a 70-month downward variance from the bottom of that range, imposing a prison term of 40 months—roughly one-third of the lowest Guidelines sentence, and 30 months below the 70-month term that it had initially imposed and that the parties had agreed would reflect a fair and reasonable sentence the second time around.[3] In discussing its reasoning for this increased variance, the District Court identified the various § 3553(a) factors but did not address them in detail. By way of explanation for the additional 30-month variance in particular, the Court expressed its belief that "when [it] imposed the 70-month sentence after the trial, jury trial, [it] did not

---

[3] As the parties acknowledge, because the plea agreement in this case was not governed by Federal Rule of Criminal Procedure 11(c)(1)(C), the District Court was not bound to impose the sentence to which the parties stipulated. *See United States v. Schweitzer*, 454 F.3d 197, 204 & n.5 (3d Cir. 2006).

know what his state sentence would work out to," and "[n]ow we know, only now." J.A. 65.

But it appears the District Court was mistaken in that belief. The transcript of the first sentencing reflects that the Court had confirmed Lopez had completed nearly the entirety of his 34-month state sentence and that the Court knew before sentencing Lopez to his 70-month consecutive federal term that the state sentence was expected to conclude in July 2015, which, in fact, it did.[4] And while it is conceivable that the Court had other grounds for granting the additional variance, its mistaken recollection of the first sentencing was the only one it articulated.[5] That ground is not "a reasoned basis for exercising [the sentencing judge's] own legal decisionmaking authority" to impose a substantially lower sentence at Lopez's second hearing, *Rita*, 551 U.S. at 356, and where we cannot be certain that "the particular circumstances of th[is] case have been given meaningful consideration within the parameters of § 3553(a)," *Tomko*, 562 F.3d at 567

---

[4] In his brief, Lopez asserts that, at the time of his first sentencing, he had served only 6 months of his 34-month state sentence. But that assertion is not supported by the record. As the record reflects and the District Court confirmed at that sentencing hearing, Lopez had only 9 months, not 28, remaining on his state sentence when the District Court sentenced him to the 70-month consecutive federal term.

[5] After the second hearing, the District Court issued a written statement of reasons in support of Lopez's 40-month sentence that was included in the record on appeal. That statement, however, does not provide any additional insight into why the District Court imposed a sentence that was 30 months shorter than Lopez's original sentence.

(quoting *Levinson*, 543 F.3d at 196), it is best to avoid "the zone of speculation," *Loy*, 191 F.3d at 371 (quoting *Edgin*, 92 F.3d at 1049).

The District Court's articulation of a reasoned basis for its sentence that comports with the record is especially important in a case like this one, where the sentence imposed varies so significantly below both the advisory Guidelines range and the sentence stipulated by the parties, and where, as the Government here urges, the defendant's circumstances, including weapon and drug violations in prison between his first and second sentencing hearings, arguably counseled, if anything, for a higher sentence. As we emphasized in *United States v. Lychock*, 578 F.3d 215 (3d Cir. 2009), "a district court's explanation for 'an unusually lenient or an unusually harsh sentence' must include 'sufficient justifications' for the deviation." *Id.* at 218 (quoting *Gall*, 552 U.S. at 46); *see id.* at 220-21 (vacating and remanding for resentencing where the District Court imposed, without adequate explanation, a sentence substantially lower than the Guidelines range and the range stipulated by the parties).

We have also observed that where "the sentence imposed is 'far below the sentences given to similar offenders,'" *id.* at 219 (quoting *United States v. Goff*, 501 F.3d at 250, 256 (3d Cir. 2007)), it is important that the District Court "give the Guidelines the consideration they are due" by "adequately evaluat[ing] the seriousness of [the] offense" and specifically discussing "'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' . . . [and] the impact its sentence would have on the deterrence of similar criminal conduct," *Goff*,

501 F.3d at 256, 262 (quoting 18 U.S.C. § 3553(a)(6)).  That discussion "is necessary so that, on appeal, we can determine whether [the sentence imposed] is valid in terms of the § 3553 factors, the Sentencing Guidelines, and the 'perception of fair sentencing.'"  *Id.* at 219 (quoting *Gall*, 552 U.S. at 50).  It is also necessary because, as we have previously noted, "by ignoring relevant factors and failing to offer a reasoned explanation for its departure from the Guidelines," a district court "put[s] at risk the substantive reasonableness of any decision it reached."  *Id.* at 220 (quoting *Goff*, 501 F.3d at 256).

Because we agree with the Government that the District Court's explanation for Lopez's 40-month sentence needs to be revisited, we will vacate that sentence and remand for resentencing.

10