**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3398
_____

ROBERTO FELIPE CASTANON-ORBEGOSO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A036-370-143)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2014
Before:   RENDELL, GREENAWAY, JR., and ALDISERT, Circuit Judges

(Filed: June 27, 2014 )
_____

OPINION
_____

PER CURIAM

Roberto Felipe Castanon-Orbegoso, a native and citizen of Peru, entered the

United States as a lawful permanent resident in 1977.  In 2010, he was convicted in the

United States District Court for the District of New Jersey of conspiracy to commit mail

fraud, in violation of 18 U.S.C. § 1349.  He was sentenced to 37 months of imprisonment.

We affirmed on appeal. See United States v. Castanon, 476 F. App'x 503 (3d Cir. 2012). In light of that conviction, the Department of Homeland Security initiated removal proceedings against Castanon-Orbegoso, charging him with being removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii). Following an administrative hearing, the Immigration Judge ("IJ") determined that Castanon-Orbegoso was removable based upon his criminal conviction. He also determined that Castanon-Orbegoso's aggravated felony conviction rendered him ineligible for a waiver of inadmissibility under INA § 212(h) [8 U.S.C. § 1182(h)]. On appeal, the Board of Immigration Appeals ("BIA") remanded the case for review in light of this Court's ruling in Hanif v. Att'y Gen., 694 F.3d 479, 487 (3d Cir. 2012) (holding that § 212(h) precludes a waiver only for those persons who, at the time they lawfully entered into the United States, had attained the status of lawful permanent residents). As the Government noted on remand, however, the BIA appears to have been confused about whether Castanon-Orbegoso had been admitted to the United States as a lawful permanent resident.

On remand, the IJ determined that Hanif did not alter his previous determination that Castanon-Orbegoso was statutorily ineligible to seek a waiver under § 212(h) as a result of his aggravated felony conviction. The IJ determined that Hanif did not establish Castanon-Orbegoso's eligibility because, unlike the petitioner in that case, Castanon-Orbegoso had been admitted to the United States as a lawful permanent resident. The IJ also rejected Castanon-Orbegoso's additional argument that the aggravated felony bar had an impermissible retroactive effect because he had been admitted to the United States prior to its enactment. In a July 2013 decision, the BIA dismissed Castanon-Orbegoso's

2

appeal, determining that the IJ correctly concluded that Castanon-Orbegoso was ineligible to apply for a waiver under § 212(h). The BIA further noted that Castanon-Orbegoso had not challenged the IJ's determination that he is removable for having committed an aggravated felony. This petition for review followed.

We have authority to review final orders of removal. See 8 U.S.C. § 1252(a). However, jurisdiction in this case is limited by 8 U.S.C. § 1252(a)(2)(C).[1] We also lack jurisdiction, pursuant to 8 U.S.C. § 1252(a)(2)(B), to review discretionary denials of waivers of removal under INA § 212(h) unless the petition raises a cognizable legal or constitutional question concerning that determination. See Romanishyn v. Att'y Gen., 455 F.3d 175, 180 (3d Cir. 2006).

To the extent that Castanon-Orbegoso raises a legal question--whether he is statutorily eligible for a waiver of removal under INA § 212(h)--we exercise jurisdiction. We review the BIA's legal decisions de novo. Id. After reviewing the record and arguments on appeal, we agree with the IJ and BIA that, despite his argument to the contrary, Castanon-Orbegoso is statutorily ineligible for a section 212(h) waiver. INA

---

[1] ("No court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in this section . . . 1227(a)(2)(A), [or] (B) . . . of this title") to considering only legal and constitutional claims under 8 U.S.C. § 1252(a)(2)(D).

§ 212(h) provides the Attorney General discretion to waive the inadmissibility of certain aliens if the alien establishes that inadmissibility would cause hardship to a family member who is a United States citizen or lawful resident. See 8 U.S.C. § 1182(h)(1)(B). Congress amended this waiver provision in 1996 to prohibit eligibility if an alien previously has been admitted as a permanent resident and has then either (a) been convicted of an aggravated felony, or (b) not resided in the United States for seven continuous years. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, div. C, § 348, 110 Stat. 3009 (amending 8 U.S.C. § 1182(h)).

Castonon-Orbegoso does not dispute that he was admitted as a lawful permanent resident in 1977. Nor does he dispute that he was convicted of an aggravated felony in 2010. He argues, however, that the aggravated felony bar in § 212(h) has an impermissible retroactive effect because he was admitted to the United States prior to the enactment of the aggravated felony bar in 1996. To support his argument, Castanon-Orbegoso relies primarily upon the Supreme Court's ruling in Vartelas v. Holder, 132 S. Ct. 1479 (2012). In Vartelas, the Supreme Court held that a lawful permanent resident with a criminal conviction that predated the enactment of the IIRIRA was not subject to the travel restriction imposed by the IIRIRA. 132 S. Ct. at 1483-84. At the time Vartelas pleaded guilty to conspiring to make a counterfeit security, the law permitted him "to travel abroad for brief periods without jeopardizing his resident alien status." Id. at 1483. The IIRIRA, which was enacted after Vartelas entered his plea and received his sentence, precluded foreign travel "by lawful permanent residents who had a conviction like

4

Vartelas'." Id. The Supreme Court determined that Vartelas' travel abroad did not involve any additional criminal infraction, and therefore, as applied to Vartelas, the IIRIRA-imposed travel restriction would have "rested not on any continuing criminal activity, but on a single crime committed years before IIRIRA's enactment." Id. at 1490. Vartelas is thus distinguishable from Castanon-Orbegoso's case because Vartelas dealt with a restriction that was based solely on the lawful permanent resident's pre-IIRIRA conduct, whereas here, Castanon-Orbegoso's conviction *post-dated* the passage of the IIRIRA.

We also agree with the Government that to the extent Castanon-Orbegoso argues that the 1996 amendments have an impermissible retroactive effect in his case because the bar to eligibility rests upon his admission date and not his conviction, the claim is not persuasive. Questions of retroactivity arise "[w]hen a case implicates a federal statute enacted after the events in suit." Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994). Here, the past event which triggered Castanon-Orbegoso's bar to relief was his 2010 conviction for an aggravated felony, which occurred long after the passage of the IIRIRA. See Atkinson v. Att'y Gen., 479 F.3d 222, 230-31 (3d Cir. 2007) (focusing on the date of conviction as the important event for a retroactivity analysis). Given that the aggravated felony bar was in effect at the time of Castanon-Orbegoso's conviction, the question of retroactivity is not implicated here.

Finally, to the extent that Castanon-Orbegoso also argues that the IJ and BIA erred in concluding that our ruling in Hanif precluded his eligibility for a § 212(h) waiver, we find the argument meritless. As noted above, in Hanif, this Court determined that the

5

restriction on section 212(h) relief for aggravated felons does not apply to aliens who adjusted their status to lawful permanent residents while in the United States, as opposed to aliens, like Castanon-Orbegoso, who were admitted to the United States as lawful permanent residents. 694 F.3d at 487. This result was required because of the plain language of the statute. Id. at 484. As Castanon-Orbegoso does not dispute that he was admitted as a lawful permanent resident, the agency correctly determined that the aggravated felony bar applies to him.

For these reasons, we will deny the petition for review.